**MOSKOWITZ COLSON**
**GINSBERG SCHULMAN**

Moskowitz Colson
Ginsberg & Schulman LLP

80 Broad Street, Suite 1900
New York, NY 10004

(212) 257-6455
www.mcgsllp.com

March 13, 2025

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *United States v. Asif Merchant*, 24 Cr. 362 (EK)

Dear Judge Komitee:

      I write in advance of tomorrow's status conference to respond to the Government's letter opposing the redesignation of certain discovery materials and to update the Court about continuing problems I am experiencing in attempting to review the discovery in this case with Mr. Merchant.

      In its most recent letter to the Court, dated March 10, 2025 (ECF 33), the Government opposed removing the "Sensitive" designation from the audio and video recordings of Mr. Merchant's conversations and meetings with the Confidential Source ("CS") and the Undercover Agents ("UC") on the grounds that allowing Mr. Merchant to review those materials at the MDC, outside the presence of counsel, presented a risk to the safety of the UC and CS. In so contending, the Government asserts, without explanation, that despite the stringent conditions of confinement imposed on Mr. Merchant, "the facility (i.e., MDC) cannot ensure that the defendant will not gain access to an electronic device or other media which he could use to further disseminate material produced in discovery". The Government further contends that Mr. Merchant has access to a printer and the mail, which he can use to transmit materials. Given the fact that Mr. Merchant is in solitary confinement and only has contact with members of the correctional staff at the MDC, the only way Mr. Merchant could get an "electronic device or other media" is if it is smuggled into his cell by a member of the MDC staff. Similarly, given that the MDC staff reviews every piece of mail that Mr. Merchant receives or sends, it would be impossible for him to smuggle the recordings out of the MDC through the mail without the assistance of MDC staff members. Simply put, the Government's lack of trust in its correctional officers is both shocking and distressing. More importantly, the lack of trustworthiness of the correctional staff at the MDC is no excuse for interfering with Mr. Merchant's right to review his discovery and prepare a defense to the serious charges against him.

Recognizing that Mr. Merchant must be given adequate time to review his discovery and discuss it with counsel, the Government has proposed bringing Mr. Merchant to the courthouse twice a month so that he can meet with counsel to review the discovery. While the Government's gracious offer would be helpful, recent history has shown that it cannot be relied on. Just today, *for the second time in the past two weeks*, Mr. Merchant was not produced to the courthouse for his scheduled meeting with counsel. Although a production order was submitted by the prosecutors, the Marshals Service claimed that because of the SAMS to which Mr. Merchant is subject, they did not have the manpower available to bring him to the courthouse.

In sum, the Government has made it nearly impossible for Mr. Merchant to review the most critical discovery in his case and thus have made it impossible for him to assist counsel in preparing a defense. The simplest and most efficient way to alleviate the problem is to remove the "Sensitive" designations placed on the recordings at issue so that Mr. Merchant can review the material at the MDC. Indeed, the Government can provide Mr. Merchant with a computer to review the materials in his cell, where he has no human contact other than through the slot in the door. Under those conditions, it is inconceivable that he could copy the recordings and somehow smuggle them out of the MDC.

Thank you for your consideration.

Respectfully submitted,

*avraham moskowitz*
Avraham C. Moskowitz