```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 UNITED STATES OF AMERICA,

                -against-                    MEMORANDUM & ORDER
                                              24-CR-362(EK)
 ASIF MERCHANT,

                Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Currently pending before the Court are the government's motion for an anonymous jury and defendant Merchant's request for the use of a questionnaire in jury selection.  The government requests that the names, addresses, and workplaces of the *venire* and the *petit* jury not be revealed to the parties.  Merchant requests that potential jurors be asked 127 specific written questions.

For the reasons set forth below, the government's motion is granted; Merchant's is granted in part.

## I. Background

On September 10, 2024, a grand jury sitting in this district charged Merchant with attempt to commit an act of terrorism transcending national boundaries, in violation of 18 U.S.C. § 2332b, and murder for hire, in violation of 18 U.S.C. § 1958(a).  Indictment, ECF No. 16.  Trial is currently scheduled to begin on February 23, 2026.

## II.    Discussion

**A.    Anonymous Jury**

"A district court may order the empaneling of an anonymous jury upon (a) concluding that there is strong reason to believe the jury needs protection, and (b) taking reasonable precautions to minimize any prejudicial effects on the defendant and to ensure that his fundamental rights are protected." *United States v. Kadir*, 718 F.3d 115, 120 (2d Cir. 2013).

Several attributes of this case favor anonymity. First, this case arises against a relatively fraught background. In announcing the charges, the government alleged that Merchant had "close ties to Iran" and that the murder-for-hire scheme was "straight out of the Iranian regime's playbook." *Pakistani National with Ties to Iran Charged in Connection with Foiled Plot to Assassinate a Politician or U.S. Government Official*, U.S. Dep't of Justice (Sept. 11, 2024).[1] Since that time, the government has indicated that it may not seek to introduce evidence of such "ties" at trial. ECF No. 81, at 3-4. Still, given the nature of the charges, and the current tensions with Iran, anonymity will serve to protect the judicial process. Anonymous juries are appropriate in "situation[s] in which a

---

[1] https://www.justice.gov/archives/opa/pr/pakistani-national-ties-iran-charged-connection-foiled-plot-assassinate-politician-or-us-0 (last accessed Jan. 29, 2026) [https://perma.cc/9RLX-JK76].

2

jury faces real *or threatened* violence." *United States v. Mostafa*, 7 F. Supp. 3d 334, 338 (S.D.N.Y. 2014) (emphasis added). A juror under fear that "he [or] family may be subjected to violence or death at the hands of a defendant or his friends" cannot be expected to possess "judgment . . . as free and impartial as the Constitution requires." *United States v. Barnes*, 604 F.2d 121, 140-41 (2d Cir. 1979). This case arises at a time when the United States and Iran are deploying increasingly threatening rhetoric towards one another. Jaroslav Lukiv and Kathryn Armstrong, *Trump Warns Iran "Time Is Running Out" for Nuclear Deal as US Military Builds Up in Gulf*, Brit. Broadcasting Corp. (Jan. 28, 2026);[2] Shayan Sardarizadeh et al., *Iran Warns it Will Retaliate if US Attacks, as Hundreds Killed in Protests*, Brit. Broadcasting Corp. (Jan. 11, 2026);[3] Hollie Silverman and Gabe Whisnant, *Iran State TV Threatens Donald Trump — "Bullet Won't Miss,"* Newsweek (Jan. 14, 2026).[4] Thus, potential jurors may understandably feel significant fear of violence or retaliation as a result of their participation in the proceedings. And even a juror's "*general* fear of retaliation could well affect [her] ability to render a fair and

---

[2] https://www.bbc.com/news/articles/cly5pd459gko (last accessed Jan. 29, 2026) [https://perma.cc/9U8W-8FPP].
[3] https://www.bbc.com/news/articles/cm2jek15m8no (last accessed Jan. 29, 2026) [https://perma.cc/HYF7-GS76].
[4] https://www.newsweek.com/donald-trump-iran-war-protests-state-tv-bullet-11360973 (last accessed Jan. 29, 2026) [https://perma.cc/92RW-ED7W].

3

impartial verdict." *United States v. Thomas*, 757 F.2d 1359, 1364 (2d Cir. 1985) (emphasis added). Anonymity will ensure jurors "feel[] less pressure" and avoid a "possible mental block[] against impartiality." *Barnes*, 604 F.2d at 141.

The severity of the charges in this case also militate in favor of an anonymous jury. The Second Circuit has affirmed the use of anonymous juries where, among other factors, the defendant has been charged with "serious crimes of terrorism," including conspiracy to murder in a foreign country. *United States v. Kaziu*, 559 F. App'x 32, 37 (2d Cir. 2014) (citing *Kadir*, 718 F.3d at 121); *see also United States v. Kandic*, No. 17-CR-449, 2021 WL 5505832, at *3-4 (E.D.N.Y. Nov. 24, 2021) (adopting anonymous jury in case involving defendant charged with providing material support to Islamic State via social media). Here, Merchant has been charged with an attempted act of terrorism transcending national boundaries and murder-for-hire for his alleged plotting. The government intends to present evidence that Merchant "plotted to kill a United States politician at a political rally open to the public and that he described having the killer fire from the crowd." Gov't Reply 3, ECF No. 87. Thus, the charges raise a "reasonable likelihood that the pervasive issue of terrorism would raise in the jurors' minds a fear for their individual safety." *United States v. Stewart*, 590 F.3d 93, 125 (2d Cir. 2008).

4

Additionally, there has been wide-spread media coverage of the case already, which will only increase as we approach trial. *E.g.*, Ken Dilanian et al., *Pakistani Man Charged with Murder-for-Hire Plot Against U.S. Politicians, Potentially Including Trump*, NBC News (Aug. 6, 2024);[5] Aaron Katersky, *Suspect Pleads Not Guilty in Alleged Murder-for-Hire Plot Against Donald Trump*, ABC News (Sept. 16, 2024).[6] Expected trial publicity weighs in favor of anonymity to avoid the jurors' exposure "to inappropriate contacts that could compromise the trial." *United States v. Paccione*, 949 F.2d 1183, 1193 (2d Cir. 1991).

Appropriate precautions will ensure Merchant is not prejudiced by anonymity. These may include "conduct[ing] a careful *voir dire* designed to uncover any bias as to the issues or the defendant[] and tak[ing] care to give the jurors a plausible and nonprejudicial reason for not disclosing their identities." *United States v. Aulicino*, 44 F.3d 1102, 1116 (2d Cir. 1995). The Court is contemplating, for example, instructing jurors that the reason for their anonymity is the significant media interest in this case, and that anonymous

---

[5] https://www.nbcnews.com/investigations/pakistani-man-charged-murder-plot-us-politicians-potentially-trump-rcna165433 (last accessed Jan. 29, 2026) [https://perma.cc/6R8P-7EWM].
[6] https://abcnews.go.com/US/suspect-alleged-plot-assassinate-trump-plea/story?id=113737458 (last accessed Jan. 29, 2026) [https://perma.cc/D5TW-HS3Q].

5

juries are not an unusual practice.  The Second Circuit has endorsed such explanations as non-prejudicial.  *See Kadir*, 718 F.3d at 120-21 (affirming district court's specification "in the questionnaire that . . . given the media interest in the case, anonymity would protect the jurors' 'rights of privacy' and assist them 'in discharging their responsibility as jurors independently, fairly and impartially'"); *United States v. Thai*, 29 F.3d 785, 801 (2d Cir. 1994) (affirming district court's introduction to questionnaire that "selecting an anonymous jury is not an unusual practice and has been followed in many cases in Federal Court").

        The Court will also take steps to ensure an effective *voir dire*.  For one, the Court (or magistrate judge, should Merchant consent) will be providing potential jurors with a questionnaire, with input from both parties.  This questionnaire will allow Merchant "a basis to conduct adequate *voir dire* and to probe any prospective jurors' potential biases."  *Kaziu*, 559 F. App'x at 38; *see also United States v. Pica*, 692 F.3d 79, 88 (2d Cir. 2012) (endorsing as a precaution "a detailed questionnaire" in a case with an anonymous jury "drafted with input from defense counsel").

6

**B.     Juror Questionnaire**

However, the Court will use a significantly shorter questionnaire.[7] Merchant's proposed questionnaire includes 127 questions, ECF No. 79-2, many with multiple sub-parts, and this proposal is far longer than what judges have employed in other terrorism cases in this district. *See, e.g.*, *Kaziu*, 559 F. App'x at 38 (thirty questions); Jury Questionnaire, *United States v. Al-Farekh*, 15-CR-268 (E.D.N.Y. July 27, 2017) (sixty-eight questions). Such length increases the risk that a juror "understand written questions differently from those who drafted" them and may hinder the questionnaire's purpose. *United States v. Treacy*, 639 F.3d 32, 47 (2d Cir. 2011).

To aid the Court in preparing the questionnaire, defense counsel is respectfully directed to send a word-processing file of his proposed questionnaire to Chambers consistent with Rule II.C. of this Court's Individual Rules and Practices by 2:00 P.M. on January 30. The Court will then circulate a proposed annotation of Merchant's submission. After reviewing the Court's annotation, if the parties would like to

---

[7] Specifically, the Court is planning on deleting questions 2-7, 15, 27-28, 31, 33-34, 37, 39-40, 44-46, 57, 62-63, 66, 69, 72-75, 82-86, 91-104, and 112. The Court will also shorten other questions. Of course, should a magistrate judge conduct jury selection, he or she will remain free to add additional questions. The questionnaire will also include preliminary instructions and a summary of the case as determined by the Court (or magistrate judge).

call the Court's attention to a *small number* of questions that they believe are essential, they should submit these questions via letters to the Court, and why, by the close of business on Tuesday, February 3.  The government may also indicate objections to a small number of questions that it does not believe should be included.

Given that it remains an open question whether either party will be presenting evidence regarding the actions or directions of a foreign government, both parties should also indicate their views on whether questions related to foreign governments should be included.  Both parties should also address whether they expect disclosing the names of the potential targets of the alleged scheme.

### III.  Conclusion

For the reasons set forth above, the government's motion for an anonymous jury is granted, and the defendant's

motion to compel the use of a jury questionnaire is granted in part.

        SO ORDERED.

                              /s/ Eric Komitee
                              ERIC KOMITEE
                              United States District Judge

Dated:    January 29, 2026
            Brooklyn, New York