**MOSKOWITZ COLSON**
**GINSBERG SCHULMAN**

Moskowitz Colson
Ginsberg & Schulman LLP
1 Battery Park Plaza
31st Floor
New York, NY 10004
(212) 257-6455
www.mcgsllp.com

March 1, 2026

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Asif Merchant*, 24 Cr. 362 (EK)

Your Honor:

This letter is respectfully submitted on behalf of the defendant, Asif Merchant, in response to the government's February 28, 2026, letter concerning the identity of a foreign law enforcement partner ("the partner") who provided a cellphone to the government.

As an initial matter, the government's original motion relies upon an *ex parte* declaration which it designated classified to support its invocation of the law enforcement privilege. The defense has never been provided with either the declaration or a summary of its contents, and has been unable to fully assess the government's assertion that identifying the partner in open Court would compromise "confidential and sensitive law enforcement relationships that could harm national security." Further, despite the classified designation, during colloquy with the Court on Friday, February 27, 2026, the government said it was not asserting the state secrets privilege with respect to the identity of the partner. Indeed, the government revealed the name of the entity to the defense for the first time in its letter to the Court dated February 28, 2026. The government continues to withhold all other relevant information, including how the partner obtained the phone, when the partner obtained the phone, how it was maintained by the partner while in the partner's possession, when the government obtained the phone from the partner, what steps were taken to prevent tampering with the cell phone by the partner or anyone else, the chain of custody for the phone, and as noted, the declaration in support of the Government's motion. Data from the phone was extracted by the government overseas where the phone itself remained, so the defense has had no opportunity to inspect the phone, conduct its own extraction, or test the validity of the cellphone extraction the government produced.

Putting aside the fact that specific information underlying the government's privilege assertion has been withheld from the defense, the general contention by the government that simply mentioning the partner's involvement will cause that entity to stop working with the United States is questionable at best. From the limited information the defense has concerning the partner, it is

unlikely that events in this case would cause the cooperation between the government and the partner to cease in future investigations.

More importantly, the government fails to appreciate the effect of invoking the law enforcement privilege over information concerning the cellphone. In asserting this privilege, the government waives its ability to present evidence over which the privilege has been invoked. Thus, the government ignores the general rule that a party asserting a privilege cannot use that privilege as "both a sword and a shield," by both using the privileged material affirmatively against an opponent while simultaneously availing itself of the protection against disclosure. *See e.g. United States v. Wilson*, No. 04-CR-1016 NGG, 2013 WL 1338710, at *2 (E.D.N.Y. Apr. 1, 2013) ("This rule is founded on fundamental fairness: selectively invoking a . . . privilege as both a shield and a sword may leave the trier of fact with an incomplete picture."). Thus, the Supreme Court has held that a defendant could not withhold a report of an interview of a government witness conducted by his investigator under the attorney work-product privilege when he sought to call that investigator to testify about a prior inconsistent statement the investigator obtained from that witness. *United States v. Nobles*, 422 U.S. 225, 239-40 (1975).

Similarly, a party cannot assert an advice-of-counsel defense while simultaneously invoking the attorney-client privilege to block disclosure of attorney-client communications. *See e.g. United States v. Bilzerian*, 926 F.2d 1285, 1292-93 (2d Cir. 1991); *In re Residential Cap., LLC*, 491 B.R. 63, 68 (Bankr. S.D.N.Y. 2013); *Arista Recs. LLC v. Lime Grp. LLC*, No. 06 CV 5936 KMW, 2011 WL 1642434, at *2 (S.D.N.Y. Apr. 20, 2011) ("Plaintiffs are correct that a party may not assert that it believed its conduct was lawful, and simultaneously claim privilege to block inquiry into the basis for the party's state of mind or belief."). As these decisions demonstrate, when a party invokes a privilege to avoid disclosure of evidence, it waives the right to present that evidence---and to pursue arguments that rely on that evidence---at trial.

Indeed, the very case cited for the law enforcement privilege standard by the government applies the principle "that, as a general matter, a party cannot use materials as a 'sword' in its defense 'while using privileges attaching to [materials relied upon for that defense] as a "shield."'" *In re The City of New York*, 607 F.3d 923, 946–47 (2d Cir. 2010) (quoting *John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003), as amended (Nov. 25, 2003) ("Forfeiture of this nature is justified by considerations of fairness to the adversary. In some circumstances, courts have ruled that it would be unfair for a party asserting contentions to an adjudicating authority to then rely on its privileges to deprive its adversary of access to material that might disprove or undermine the party's contentions.")). In *In re The City of New York*, the City avoided waiver of its privilege by disavowing any reliance on the privileged material. *Id*. at 947.

Here, the government makes no such representation. Instead, the government seeks to both rely on the evidence while shielding information concerning the authenticity and reliability of the evidence from disclosure. The government cannot have it both ways. As a result, the government's privilege invocation waives its ability to present 1) evidence about the history of the cellphone, 2) evidence that would show it is a fair and accurate record of the data at the time it was created on the relevant dates, and 3) show the chain of custody of the phone. Indeed, the government cannot even establish that the phone is what it purports to be—a device seized from defendant's relative.

Because the government is the proponent offering the cellphone data, it has the burden of establishing authenticity, and ultimately, its admissibility. Fed. R. Evid. 901(a); *Leo v. Long Island R. Co.*, 307 F.R.D. 314, 324 (S.D.N.Y. 2015); *United States v. Bonanzi*, 94 F.2d 570, 572 (2d Cir. 1938) ("The question of admissibility is one for the court to decide in advance of the reception of the evidence, and the burden is on the party offering the evidence."). Because the government asserts the law enforcement privilege over the very evidence it needs to authenticate and admit the cellphone data, the government is prohibited from relying on this evidence because the government waived its ability to use it. In other words, by asserting the law enforcement privilege, the government has created a situation where it has deprived itself of the ability to offer the cellphone data because it cannot present the evidence it needs to establish its authenticity and reliability and thus its admissibility. Moreover, the government's invocation of the law enforcement privilege deprives the defense of an ability to challenge the admissibility of the cellphone data because the information that may provide the basis for such a challenge is being withheld on privilege grounds, thus creating a sword and shield dilemma.

For these reasons, the government must forego use of the cellphone data at trial if it maintains the privilege.[1]

As to the evidence itself, the government fails to address why the evidence at issue is needed. As discussed in the colloquy cited above, Mr. Merchant does not contest that money came from abroad, and in fact, the government will likely offer Mr. Merchant's own communications on that point. The government asked the Court for an opportunity to provide additional briefing on this point. The government's letter provides no such insights. Moreover, the government seeks to offer communications between individuals separate and apart from Mr. Merchant, and these exchanges constitute hearsay and are thus inadmissible.

Based on the foregoing, the Court should preclude evidence of the foreign cellphone because the invocation of the law enforcement privilege deprives the defendant of the ability to challenge the authenticity and reliability of the information on the cellphone and thus, deprives the Court of the information needed to determine the admissibility of the information. Additionally, the cellphone data should be excluded because the government has violated its Rule 16 obligations by withholding the relevant discovery concerning the cellphone, the cellphone would be unnecessarily cumulative of other evidence, and it contains inadmissible hearsay.

Thank you in advance for your consideration of this submission.

---

[1] Because the government has withheld all documents and information concerning how it obtained the phone from the partner aside from the fact that an FBI agent travelled abroad to do the extraction at a United States facility, there may be additional grounds to preclude use of the categories listed herein based on a violation of Fed. R. Crim. P. 16 if the government were to make untimely disclosures.

Respectfully submitted,

/s/

Avraham C. Moskowitz
Christopher Neff
Joshua J. Lax